IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SE PROPERTY HOLDINGS,           )
                                )
    Plaintiff,                  )
                                )
v.                              )          CIV. ACT. NO. 1:18-cv-50-TFM-MU
                                )
TAMMY T. CENTER, in her capacity as )
Personal Representative of the Estate of )
Charles H. Trammel, *et al*.,   )
                                )
    Defendants.                 )

**ORDER**

Pending before the Court is the *Motion to Withdraw As Counsel* (Doc. 78, filed 7/27/20) filed by Asheton W. Sawyer as to the "Brown Defendants."  The Court held a hearing on the matter on August 18, 2020.  Counsel provided the Court the non-privileged reasons for the withdrawal. The Court also notes that Defense Counsel was permitted to withdraw in the companion case, *SE Property Holdings, LLC v. Tammy T. Center, et al.*, Civ. Act. No. 1:15-cv-33-WS-C (S.D. Ala).

Based on the developments in the case, the Court finds that the motion to withdraw is due to be **GRANTED**.  Counsel is permitted to withdraw which leaves the Brown defendants unrepresented in this matter.

As the Court has explained repeatedly in this case, individual defendants may proceed *pro se* in defending themselves in this lawsuit.  The Court advises them that *pro se* individuals are held to the same standards on Court rules, procedures, and deadlines as those parties who are represented by counsel.  However, in preparation of this order, the Court realized that there are some contradictions as to the named defendants.  At present there are seven (7) named "Brown defendants" and they are as follows:

1. Amy T. Brown
   333 Oak Ridge Dr.
   Pike Road, AL 36064
   *in her individual capacity*

2. Trammell Family Lake Martin Properties, L.L.C.
   c/o Amy T. Brown
   333 Oak Ridge Dr
   Pike Road, AL 36064

3. Amy T. Brown
   333 Oak Ridge Dr.
   Pike Road, AL 36064
   *as guardian of and custodian for Patrick Lance Brown, Jr.*

4. Patrick Lance Brown, Jr.
   333 Oak Ridge Dr
   Pike Road, AL 36064

5. Amy T. Brown
   333 Oak Ridge Dr.
   Pike Road, AL 36064
   *as guardian of and custodian for S.S.B.*

6. Amy T. Brown
   333 Oak Ridge Dr.
   Pike Road, AL 36064
   *as guardian of and custodian for L.T.B.*

7. Patrick Lance Brown, Sr.
   333 Oak Ridge Dr.
   Pike Road, AL 36064

In reviewing that list, there appear to be some duplications and contradictions. The third and fourth listed Brown defendants are Amy T. Brown, *as guardian of and custodian for Patrick Lance Brown, Jr.*, followed by listing Patrick Lance Brown, Jr. as an individual defendant. Further, the Court understands that it may be possible that the minors listed as S.S.B. and L.T.B may have now reached Alabama's age of majority. This requires a substitution of the defendants who are no longer minors. *See, e.g. Hill v. Cundiff*, 797 F.3d 948, 955 n. 1 (11th Cir. 2015); *Mizrahi v. Yahama Motor Corp., U.S.A.*, 389 F. Supp. 3d 1135, 1136 (S.D. Fla. 2019). Though most cases appear to

address substitution in the context of a plaintiff who reaches the age of majority, the Court finds them sufficiently analogous to raise the issue as to defendants as well.  Further, Rule 25(c) states "[t]he motion must be served as provided in Rule 25(a)(3)" and Fed. R. Civ. P. 25(a)(3)  seemingly contemplates a hearing on the matter.  To the extent the Brown children are still minors, the Court should be made aware of that as well because it may then be appropriate to look at whether a Guardian Ad Litem is appropriate.

Therefore, Plaintiff is **DIRECTED** to review the pending defendants to determine which may need substitution and to eliminate any duplicative defendants from their pleadings.  As such, Plaintiff shall either:

(1) file a motion to substitute accompanied by a proposed amended complaint which specifically identifies the correctly named defendants who are now the age of majority <u>and</u> to determine contact information for those individual defendants that are not currently represented;

(2) file a motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(2) which drops those individuals as defendants; or

(3)  file a brief citing authority that indicates a different plan as to those defendants is required.

Plaintiff shall file its motion/brief on or before **September 11, 2020**.

Finally, with regards to Defendant Trammell Family Lake Martin Properties, L.L.C. (c/o Amy T. Brown), as an entity it cannot proceed on its own behalf nor can Amy T. Brown represent it as she is not an attorney.  There is nothing in 28 U.S.C. § 1654 or Federal Rule of Civil Procedure 17(c) which permits anyone to proceed *pro se* on behalf of the entities.  The Eleventh Circuit has held on several occasions that 28 U.S.C. § 1654 prohibits a non-lawyer from representing another

entity such as a corporation, trust, or estate.  *See, e.g., Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.*, 748 F.2d 602, 609 (11th 1984); *Franklin v. Garden State Life Ins.*, 462 F. App'x. 928, 930 (11th Cir. 2012).  Consequently, unless counsel appears on behalf of the Trammell Family Lake Martin Properties, L.L.C., it remains unrepresented and cannot file any pleadings or documents in its defense.

To resolve the above issues, the Court issues a temporary stay of all matters in *this* action (to include discovery).  This stay has no effect on the companion case, *SE Property Holdings, LLC v. Tammy T. Center, et al.*, Civ. Act. No. 1:15-cv-33-WS-C (S.D. Ala).

The Clerk of Court is **DIRECTED** to provide a copy of this order to the Brown Defendants via certified mail to the address previously provided by their counsel (Doc. 78).  To the extent Patrick Lance Brown, Jr.,  S.S.B, and L.T.B. do not reside at that address, Defendant Amy T. Brown is **DIRECTED** to provide them a copy of this order so they are aware of the proceedings in which they are named defendants.  Defendant Amy Brown is also put on notice that she cannot represent the children (whether minors or adults) in these proceedings as she is not a lawyer and the same bar as to Trammell Family Lake Martin Properties, L.L.C. applies as to the children.

The individual Brown Defendants are also instructed to contact the Clerk of Court to provide complete contact information including a phone number so that the Court may contact them as needed throughout this case.

**DONE** and **ORDERED** this the 20th day of August 2020.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE