# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SE PROPERTY HOLDINGS, LLC, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | NO. 18-50-KD-MU |
| | * | |
| TAMMY T. CENTER, in her | * | |
| capacity as Personal Representative | * | |
| of the ESTATE OF CHARLES H. | * | |
| TRAMMELL; BELINDA R. | * | |
| TRAMMELL; AMY T. BROWN; | * | |
| TAMMY T. CENTER, in her | * | |
| individual capacity; TRAMMELL | * | |
| FAMILY ORANGE BEACH | * | |
| PROPERTIES, LLC; TRAMMELL | * | |
| FAMILY LAKE MARTIN | * | |
| PROPERTIES, L.L.C.; CHASE | * | |
| TRAMMELL CENTER; | * | |
| NATHANIEL H. CENTER; | * | |
| PATRICK LANCE BROWN, JR.; | * | |
| SALLY S. BROWN; LACY T. | * | |
| BROWN; CARLTON CENTER; and | * | |
| PATRICK LANCE BROWN, SR., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |
| | * | |

## SECOND AMENDED COMPLAINT

Comes now plaintiff SE Property Holdings, LLC ("SEPH") and files its Second Amended Complaint, alleging against defendants Tammy T. Center, in her

capacity as Personal Representative of the Estate of Charles H. Trammell, deceased (the "Estate"), Belinda R. Trammell, Amy T. Brown, Tammy T. Center, in her individual capacity, Trammell Family Orange Beach Properties, LLC, Trammell Family Lake Martin Properties, L.L.C., Chase Trammell Center, Nathaniel H. Center, Patrick Lance Brown, Jr., Sally S. Brown, Lacy T. Brown, Carlton Center, and Patrick Lance Brown, Sr., as follows:

## PARTIES

1. SEPH is an Ohio limited liability company with its principal place of business located in Newark, Ohio. On February 16, 2012, Vision Bank ("Vision") merged with and into SEPH. SEPH is Vision's successor by merger. SEPH has one member, Park National Corporation. Park National Corporation is an Ohio corporation with its principal place of business in Newark, Ohio.

2. Charles H. Trammell died on or about October 24, 2013. At the time of his death, Mr. Trammell was a citizen of Alabama. Tammy T. Center is the Personal Representative of Mr. Trammell's Estate, which is being administered in the Circuit Court of Montgomery County, Alabama.

3. Belinda R. Trammell is an adult citizen of Alabama, and was the wife of Mr. Trammell.

4. Amy T. Brown is an adult citizen of Alabama, and is the daughter of Mr. and Mrs. Trammell.

5. Tammy T. Center is an adult citizen of Alabama, and is the daughter of Mr. and Mrs. Trammell.

6. Trammell Family Orange Beach Properties, LLC ("Trammell Orange Beach") is an Alabama limited liability company. Trammell Orange Beach's members are Tammy Center, Amy Brown, and Belinda Trammell, all of whom are citizens of Alabama. Trammell Orange Beach owns real property located in Baldwin County, Alabama.

7. Trammell Family Lake Martin Properties, LLC ("Trammell Lake Martin") is an Alabama limited liability company. Trammell Lake Martin's members are Tammy Center, Amy Brown, and Belinda Trammell, all of whom are citizens of Alabama.

8. Chase Trammell Center is an adult citizen of Alabama. Upon information and belief, Tammy T. Center is the mother of Chase Trammell Center, and is or was custodian of an account (or accounts or other assets) for him.

9. Upon information and belief, Nathaniel H. Center is an adult citizen of Alabama, and Tammy Center is his mother and is or was the custodian of an account (or accounts or other assets) for him.

10. Upon information and belief, Patrick Lance Brown, Jr. is an adult citizen of Alabama. Upon information and belief, Amy T. Brown is the mother of

Patrick Lance Brown, Jr., and is or was the custodian of an account (or accounts or other assets) for him.

11. Upon information and belief, Sally S. Brown is an adult citizen of Alabama, and Amy Brown is her mother and is or was the custodian of an account (or accounts or other assets) for her.

12. Upon information and belief, Lacy T. Brown is an adult citizen of Alabama, and Amy Brown is her mother and is or was the custodian of an account (or accounts or other assets) for her.

13. Carlton Center is an adult citizen of Alabama and is married to Tammy Center.

14. Patrick Lance Brown, Sr. is an adult citizen of Alabama and is married to Amy Brown.

## JURISDICTION

15. This Court has jurisdiction over this matter pursuant to 28 U.S.C.A. § 1332 because the amount in controversy exceeds $75,000, exclusive of costs and interest, and because there exists complete diversity of citizenship between the plaintiff and the defendants.

16. Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## **FACTS**

17. On January 23, 2015, SEPH filed a Complaint against the Estate of Charles Trammell, Belinda Trammell, Amy Brown, Tammy Center, Trammell Orange Beach, and Trammell Lake Martin. The case was styled *SEPH v. Center, et al.*, Civil Action No. 15-33-WS-C, in the United States District Court for the Southern District of Alabama (the "Prior Action"). The Prior Action concerned four sets of fraudulent transfers. First, on January 26, 2011, Charles and Belinda Trammell transferred their lake house to Trammell Lake Martin and their beach condo to Trammell Orange Beach. Second, on December 12, 2011, Charles and Belinda Trammell transferred to Amy Brown and Tammy Center 90% of the ownership/membership interests in Trammell Orange Beach and Trammell Lake Martin. Third, on April 30, 2012, Charles Trammell transferred a total of 25,102 shares of UPS stock to Trammell Orange Beach and Trammell Lake Martin. Fourth, at the time of his death on October 24, 2013, Charles Trammell transferred 8,298 shares of UPS stock to Belinda Trammell. SEPH alleged that the foregoing transfers were actual and constructive fraudulent transfers. SEPH's claims in the Prior Action have been adjudicated, with a final judgment being entered in the Prior Action on January 2, 2018. Pursuant to the final judgment, the Estate, Belinda Trammell, Trammell Lake Martin, Trammell Orange Beach, Amy Brown,

and Tammy Center are liable for actual and constructive fraudulent transfers in violation of the Alabama Uniform Fraudulent Transfer Act.

18. Following the trial of the Prior Action, as part of SEPH's remedy of conducting limited discovery into the waste and dissipation of the fraudulently transferred UPS stock, it was revealed that there had been subsequent transfers by Belinda Trammell, Trammell Lake Martin, Trammell Orange Beach, Amy Brown, and Tammy Center to other family members, namely to Tammy Center and Amy Brown and to their respective children and husbands. The court in the Prior Action did not allow further discovery into these subsequent transfers, stating, among other things, that many of the alleged subsequent transferee family members were not parties to the Prior Action, that the discovery would be too far afield from the claims and parties joined in the dispute, and that additional parties would have to be joined and additional liability findings made.

19. In this action, SEPH seeks a remedy for subsequent transfers by Belinda Trammell, Trammell Lake Martin, Trammell Orange Beach, Amy Brown, and Tammy Center. Alabama Code § 8-9A-8 provides that a creditor may recover against a subsequent transferee judgment for the value of the asset transferred, the amount necessary to satisfy the creditor's claim, or judgment for conveyance of the asset transferred.

20. But for this action, SEPH will be without a remedy for these subsequent transfers, and fraudulently transferred assets will be wasted and dissipated and further placed outside the reach of Belinda Trammell and the Estate of Charles Trammell's creditors, including SEPH, and the Defendants will be rewarded for making and receiving fraudulent transfers and subsequent transfers.

21. Belinda Trammell and the Estate of Charles Trammell are, and were at the time of the fraudulent transfers and the subsequent transfers, indebted to SEPH pursuant to Mr. and Mrs. Trammell's guaranties of loans made by Vision.

22. The amount of principal owed by the Estate of Charles Trammell to SEPH under Charles Trammell's guaranties is $875,000. The amount of interest owed by the Estate of Charles Trammell to SEPH under Charles Trammell's guaranties was adjudicated to be $5,294,347.80.

23. The amount of principal owed by Belinda Trammell to SEPH under her guaranties is $560,000. The amount of interest owed by Belinda Trammell to SEPH under her guaranties was adjudicated to be $3,427,903.11.[1]

24. After Charles Trammell's death on October 24, 2013, the Petition for Probate of Will filed by Tammy Center as Personal Representative for the Estate of Charles Trammell stated that, at the time of his death, Charles Trammell had less

---

[1] SEPH has appealed its judgment against Charles and Belinda Trammell on the basis that more interest should have been awarded, in addition to attorney's fees and costs.

than $200,000 in assets. On December 10, 2013, SEPH filed a verified claim against the Estate of Charles Trammell in the principal amount of $1,583,118.32, plus interest and attorneys' fees and other costs of collection. The vast majority of the subsequent transfers at issue in this lawsuit occurred after SEPH filed its verified claim against the Estate of Charles Trammell.

25. The subsequent transfers at issue in this lawsuit are transfers of: (i) proceeds (sales proceeds and dividends) of UPS stock that was fraudulently transferred to Belinda Trammell, Trammell Orange Beach, and Trammell Lake Martin; and (ii) funds received through margin loans secured by UPS stock fraudulently transferred to Trammell Orange Beach and Trammell Lake Martin.

26. The recipients of the subsequent transfers were Tammy Center, Amy Brown, Carlton Center, Patrick Lance Brown, Sr., Tammy Center as guardian of and custodian for Chase Trammell Center, Tammy Center as guardian of and custodian for Nathaniel H. Center, Amy Brown as guardian of and custodian for Patrick Lance Brown, Jr., Amy Brown as guardian of and custodian for Sally S. Brown, and Amy Brown as guardian of and custodian for Lacy T. Brown.

27. Tammy Center received at least $476,604.27 in subsequent transfers and, upon information and belief, a Regions account believed to be owned by Tammy Center received at least an additional $270,992.13 in subsequent transfers.

28. Amy Brown received at least $376,219.74 in subsequent transfers.

29. Additionally, upon information and belief, an Amerifirst/American National Bank account believed to be owned by Tammy Center and/or Amy Brown received at least $363,500.00 in subsequent transfers. Also, a PrimeSouth account believed to be owned by Tammy Center and/or Amy Brown received at least $145,385.32 in subsequent transfers.

30. Other subsequent transfers for the benefit of Amy Brown and/or Tammy Center included income tax payments to the United States Treasury and the Alabama Department of Revenue in the amounts of $71,250.00 and $18,500.00, respectively.

31. Carlton Center received at least $16,500 in subsequent transfers.

32. Patrick Lance Brown, Sr. received at least $98,830.18 in subsequent transfers.

33. Chase Trammell Center, and/or Tammy Center as guardian and account custodian for Chase Trammell Center, received at least $71,873.05 in subsequent transfers.

34. Nathaniel H. Center, and/or Tammy Center as guardian and account custodian for Nathaniel H. Center, received at least $70,342.45 in subsequent transfers.

35. Patrick Lance Brown, Jr., and/or Amy Brown as guardian and account custodian for Patrick Lance Brown, Jr., received at least $53,737.14 in subsequent transfers.

36. Sally S. Brown and/or Amy Brown as guardian and account custodian for Sally S. Brown received at least $51,322.54 in subsequent transfers.

37. Lacy T. Brown, and/or Amy Brown as guardian and account custodian for Lacy T. Brown received at least $50,599.14 in subsequent transfers.

38. Upon information and belief, additional subsequent transfers have been made by Amy Brown, Tammy Center, and Belinda Trammell.

## COUNT ONE
### Subsequent Fraudulent Transfers

39. SEPH incorporates and realleges all of the facts and matters set forth in the paragraphs above.

40. The foregoing transfers were subsequent transfers of assets that were actually and constructively fraudulent transferred pursuant to Ala. Code §§ 8-9A-4(a), 8-9A-4(c), and 8-9A-5(a).

41. The subsequent transferees did not take the assets in good faith and did not pay value for them.

WHEREFORE, pursuant to Ala. Code § 8-9A-8, SEPH requests judgment against the subsequent transferees for the value of the assets transferred or the

amount necessary to satisfy its claim, whichever is less, and/or judgment for conveyance of the assets transferred. SEPH also requests such other relief as the Court deems just and proper.

## COUNT TWO
### Conspiracy

42. SEPH incorporates and realleges all of the facts and matters set forth in the paragraphs above.

43. Patrick Lance Brown, Sr. is, in addition to being Amy Brown's husband, the Merrill Lynch Financial Advisor for Trammell Lake Martin's accounts at Merrill Lynch, where the subject UPS stock is held.

44. Patrick Lance Brown, Sr. has, at all relevant times, been aware of SEPH's fraudulent transfer claims against, among others, his wife, Amy Brown.

45. Patrick Lance Brown, Sr. has conspired with Amy Brown and Trammell Lake Martin to facilitate the subsequent fraudulent transfers of value associated with the UPS stock in order to defraud SEPH and prevent it from being able to collect on its claims against Charles Trammell's Estate, Belinda Trammell, Amy Brown, and Trammell Lake Martin. Patrick Lance Brown, Sr. has facilitated the transfers by, among other things, approving them from his position at Merrill Lynch despite his knowledge of SEPH's claims.

46. Patrick Lance Brown, Sr.'s efforts to place the UPS stock out of SEPH's reach have continued even after the filing of this case.

47.     Patrick Lance Brown, Sr. has used his position at Merrill Lynch to defraud SEPH, which is the creditor of Charles Trammell's Estate, Belinda Trammell, Trammell Orange Beach, Trammell Lake Martin, Amy Brown, and Tammy Center.  Patrick Lance Brown, Sr. has been the recipient of some of the subsequent fraudulent transfers, and his immediate family has been the beneficiary of many of the subsequent fraudulent transfers.

48.     SEPH has still not had the opportunity to take Patrick Lance Brown, Sr.'s deposition for a variety of reasons and therefore had been unable to gauge his involvement and participation in the subsequent transfers at issue.  However, within the past month, SEPH received documents showing that Patrick Lance Brown, Sr., as Financial Advisor at Merrill Lynch, was approving subsequent fraudulent transfers despite his knowledge of SEPH's claims.

49.     SEPH has been damaged by this conspiracy to effect subsequent fraudulent transfers.  As a result of the subsequent fraudulent transfers, the UPS stock held by Trammell Lake Martin that would have otherwise been available for collection by SEPH has been dissipated and transferred.

50.     Patrick Lance Brown, Sr., who facilitated the subsequent fraudulent transfers from his position at Merrill Lynch while knowing of SEPH's claims, should be held liable for all subsequent fraudulent transfers to his immediate family members.

WHEREFORE, SEPH demands a judgment for compensatory and punitive damages against Patrick Lance Brown, Sr., Amy Brown, and Trammell Lake Martin.

                                                Respectfully submitted,

                                                */s/ J. Blair Newman*
                                                RICHARD M. GAAL (GAALR3999)
                                                rgaal@mcdowellknight.com
                                                JAMES BLAIR NEWMAN, JR. (NEWMJ8590)
                                                bnewman@mcdowellknight.com
                                                Attorneys for SE Property Holdings, LLC

OF COUNSEL:
MCDOWELL KNIGHT ROEDDER
 & SLEDGE, LLC
11 North Water St., Ste. 13290
Mobile, Alabama 36602
(251) 432-5300
(251) 432-5303 (fax)

**CERTIFICATE OF SERVICE**

      Undersigned counsel certifies that on September 30, 2020, he served the foregoing on the following counsel of record via the CM/ECF system and/or U.S. mail.

Samuel G. McKerrall
Attorney At Law
Post Office Box 818
Gulf Shores, AL 36547
Attorney for Tammy T. Center, in her capacity as Personal Representative of the Estate of Charles H. Trammell, deceased, Belinda R. Trammell, Tammy T. Center, in her individual capacity, Trammell Family Orange Beach Properties, LLC, Chase Trammell Center, Nathaniel H. Center, Carlton Center

Amy T. Brown
333 Oak Ridge Dr.
Pike Road, AL 36064

Trammell Family Lake Martin Properties, LLC
c/o Amy T. Brown
333 Oak Ridge Dr.
Pike Road, AL 36064

Patrick Lance Brown, Jr.
333 Oak Ridge Dr.
Pike Road, AL 36064

Sally S. Brown
333 Oak Ridge Dr.
Pike Road, AL 36064

Lacy T. Brown
333 Oak Ridge Dr.
Pike Road, AL 36064

Patrick Lance Brown, Sr.
333 Oak Ridge Dr.
Pike Road, AL 36064

                                                */s/ J. Blair Newman*