# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SE PROPERTY HOLDINGS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIV. ACT. NO. 1:18-cv-50-TFM-MU |
| | ) |
| TAMMY T. CENTER, in her capacity as Personal Representative of the Estate of Charles H. Trammel, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Pending before the Court are the *Joint Motion to Dismiss* (Doc. 95, filed 2/12/21) and the parties' *Joint Stipulation of Dismissal* (Doc. 96, filed 2/15/21). A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Rule 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(a)(1)(A) allows for dismissal without a court order: (i) before the opposing party serves either an answer or a motion for summary judgment; or (ii) if the joint stipulation of dismissal is signed by all of the parties who have appeared.

The joint stipulation of dismissal is signed with permission by Peter S. Fruin for Patrick Lance Brown, Sr., Patrick Lance Brown, Jr., Amy T. Brown, Sally S. Brown, Lacy T. Brown, and Trammell Family Lake Martin Properties, LLC. However, at present, Peter S. Fruin only filed a notice of appearance on behalf of Defendant Patrick Lance Brown, Sr. *See* Doc. 89. Without having otherwise appeared on the docket for the Trammell Family Lake Martin Properties, LLC and the remaining Brown defendants, the Court cannot find that the joint stipulation of dismissal meets the technical requirements of Rule 41(a)(1)(A)(ii).

However, the Court may still review the dismissal request under Rule 41(a)(2) under terms that the Court considers proper. Considering in combination the Joint Statement Regarding Status of Settlement Negotiations (Doc. 92), the Status Report (Doc. 94), the Joint Motion to Dismiss (Doc. 95), and the Joint Stipulation of Dismissal (Doc. 96), it is clear that the parties all consider that this matter is settled and that the gathering of signatures was presenting an impediment to closing out this case. Therefore, the Court assumes that Peter S. Fruin represents the remaining, previously *pro se*, defendants for the purposes of the settlement paperwork.

Consequently, the Court construes the *Joint Stipulation of Dismissal* (Doc. 96) as a motion to dismiss pursuant to Rule 41(a)(2) and the motion is **GRANTED**. Consequently, this case is dismissed with prejudice with each party to bear their own attorneys' fees and costs unless otherwise agreed to in the settlement agreement. If any party objects to this order, such objections must be filed within thirty (30) days of the date of this order.

The Clerk of the Court is **DIRECTED** to close this case. The Clerk of Court is further **ORDERED** to mail a copy of this order to the defendants currently listed as pro se on the docket sheet – Amy T. Brown, Trammell Family Lake Martin Properties, LLC, Patrick Lance Brown, Jr., Sally S. Brown, and Lacy T. Brown – at their address of record.

**DONE** and **ORDERED** this the 17th day of February 2021.

    s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE